## MOORE v. WORSHAM, SIMS & HARGROVE.

1. A plea by the sureties of a sheriff, that judgments have been recovered against them, as sureties of the sheriff to the amount of the penalty of the official bond, and that the judgments are unreversed, is bad, because it does not aver that the judgments have been paid by them, or that they are still unsatisfied.

Error to the Circuit Court of Russell.

This was a motion by the plaintiff in error, against Worsham, as sheriff of Russell county, and the other two defendants as his sureties for failing to pay over money made by him on an execution of the plaintiff.

The sheriff took issue upon the suggestion, and the sureties offered and pleaded two special special pleas. 1. After craving oyer of the bond, with its condition, and setting it out, the plea proceeds to aver that the penalty of the bond has been heretofore fully recovered in various proceedings against them by motions, according to the statute in such cases made and provided, and

they here show the following judgments recovered against them on account of said bond, and the penalty thereof, as follows, to wit: (reciting the various judgments) amounting to more than $5000, the penalty of said bond; and that said judgments are not in the least reversed, or made void, and this, &c.

The second plea avers that the term of Worsham, as sheriff, expired on the first Monday in August, 1840, at which time he ceased to act as sheriff; that since the expiration of his term of office, the bond and the penalty thereof, has been heretofore fully recovered in various proceedings against them by motions, (which judgments are recited) amounting in all to more than the sum of five thousand dollars, the penalty of the bond, which judgments are not reversed or made void.

To these pleas, the plaintiffs demurred, which demurrer the court overruled. The issue being found against the sheriff, judgment was rendered against him, and in favor of the sureties, to reverse which this writ is prosecuted.

The assignment of error brings to view the judgment of the court, overruling the demurrer to the pleas.

PECK & CLARK, for plaintiff in error, insisted that the pleas were bad, because they do not show that the sureties had paid judgments rendered against them for the default of the sheriff to the amount of the penalty of the bond. [6 Cowen, 583.]

BELSER and HEYDENFELDT, *contra.* The sureties of the sheriff are not liable beyond the penalty of the bond, neither by the statute of the State or at common law, and have a right to stand upon the precise term of their contract. [4 Wash. C. C. R. 26; 9 Wheat. 680; 15 Peters' 209; 18 Johns. 396; 1 McCord, 503; 6 Term Rep. 303; 3 Cowen, 155; 5 ib. 424; 6 ib. 583; 2 Harrington 37; 1 Mass. 308; 1 East, 436; 1 Taunton, 217; 1 Saund. 320.]

Judgments rendered against the sureties for the default of the sheriff since his term expired, to the amount of the penalty of the bond, discharges them from further liability, [3 Dall. 501; 4 ib. 106; 17 S. & R. 381; 2 Brock. 279.]

ORMOND, J.—The pleas in this case merely affirm that judgments have been obtained against the sureties by motion, for

the default of the sheriff, to an amount exceeding the penalty of the official bond of the sheriff, on which they are sureties, and that these judgments are unreversed, and are defective in not avering that the judgments have been discharged by them, or that they are still unsatisfied. It is entirely consistent with the facts alleged in these pleas, that all these judgments have been satisfied by the sheriff, and if so, there can be no pretence that the payment by the sheriff, would be a discharge of the condition of the bond.

Without now stopping to enquire what would be the effect of a payment by the sheriff of a judgment recovered on the bond against the sheriff and his sureties, as it relates to the further liability of the sureties on the bond, we think it very clear that the proceeding by motion against the sheriff is not a suit on the official bond, nor does his liability for a default in the execution of the duties of his office, arise out of or depend upon the bond which is designed as an additional security to his individual and personal responsibility for the performance of the duties of his office. It is true that upon a motion against the sheriff, judgment may be obtained against his sureties, the right to render which is derived from the bond, and it is very clear they cannot be compelled to pay for the default of the sheriff an amount exceeding the penalty of the bond; but to hold that in such a case a payment by the sheriff of the judgment against him and his sureties would enure in favor of the sureties, and be a discharge of the penalty of their bond, would be to defeat the very object of requiring surety from the sheriff.

The case of the United States v. Cochran, [2 Brock. 274,] was principally relied on to show that a payment by the sheriff would enure to the benefit of the sureties. In that case the principal was a collector of the United States, and absconded largely indebted to the government, leaving ten thousand dollars in a trunk deposited in bank, which he directed the sureties to receive, and discharge a bond to that amount which the government held, and on which they were sureties. They received the money and paid it into the treasury in discharge of the bond, which was given up, and it being afterwards discovered that this was the money of the collector, suit was brought against them to recover it back.

The principal reliance in that case, on the part of the government was, the act of Congress which gave the United States a *lien*

on all the property of the principal, and that the money deposited in bank being their's, could not be applied in exoneration of the sureties. That portion of the decision which relates to the *lien* of the United States, has no application whatever. After disposing of that question the judgment of the court was founded on the familiar principle of the right of a debtor to direct in what manner a payment shall be applied—that the principal in the bond having expressly directed that this money should be applied in payment of this particular bond, such direction was binding on the creditor, and discharged the obligation as to the principal, and by necessary consequence as to the sureties also, as their obligation could not be extended beyond that of their principal. It is quite obvious that the point decided in that case has no application whatever here. To discharge the sureties from liability on this bond, they must show either that they have paid, or are liable to pay on judgments recovered against them as sureties of the sheriff an amount equal to the penalty of the bond.

Let the judgment be reversed and the cause remanded.